

## IN THE 32ND JUDICIAL CIRCUIT, CAPE GIRARDEAU COUNTY, MISSOURI

| Judge or Division:<br>SCOTT ALAN LIPKE | Case Number: 20CG-CC00309 |
|---|---|
| Plaintiff/Petitioner:<br>DONNA MCLAIN<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN P CLUBB<br>THE CLUBB LAW FIRM LLC<br>718 CARUTHERS ST<br>CAPE GIRARDEAU, MO 63701 |
| Defendant/Respondent:<br>ST. FRANCIS MEDICAL CENTER | Court Address:<br>203 NORTH HIGH STREET<br>JACKSON, MO 63755 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: ST. FRANCIS MEDICAL CENTER<br>Alias:<br><br>**211 ST. FRANCIS DRIVE<br>CAPE GIRARDEAU, MO 63701**<br><br>**COURT SEAL OF**<br><br>**CAPE GIRARDEAU COUNTY** | You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition. |

        October 13, 2020          /s/ *Jana Walther*, Deputy Clerk
             Date                                   Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____       _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)       My commission expires: _____       _____
                                  Date                    Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | (_____ miles @ $._____ per mile) |
| Total | $ _____ | |

**EXHIBIT 1**

A copy of the summons and a copy of the petition must be served on **each defendant/respondent**. For methods of service on all classes of suits, see Supreme Court Rule 54.

**20CG-CC00309**

**IN THE CIRCUIT COURT OF
CAPE GIRARDEAU COUNTY, MISSOURI**

DONNA MCLAIN                           )
3209 County Road 553                   )
Jackson, MO 63755,                     )
                                       )
                  Plaintiff,           )
vs.                                    )         Case No. _____
                                       )
SAINT FRANCIS MEDICAL                  )
CENTER,                                )         JURY TRIAL REQUESTED
211 Saint Francis Dr.                  )
Cape Girardeau, MO  63701              )
                                       )
    Serve:  James Burke                )
            Registered Agent           )
            211 Saint Francis Dr.      )
            Cape Girardeau, MO  63701  )
                                       )
            Defendant.                 )

**PETITION - MISSOURI HUMAN RIGHTS ACT**

Plaintiff, Donna McLain, by and through counsel, The Clubb Law Firm, LLC

states for her cause of action:

1.     Plaintiff, Donna McLain, ("Mrs. McLain") is a natural female person, who resides

at 3209 County Road, Jackson, Missouri 63755.

2.     Defendant Saint Francis Medical Corporation. ("St. Francis") is a non-profit

corporation organized under the laws of the State of Missouri, with its principal place of

business located at 221 St. Francis Dr., Cape Girardeau, Missouri 63701.

3.     Mrs. McLain brings this age discrimination and retaliation petition pursuant to the Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended 42 U.S.C.A. § 2000e *et seq.*

4.     This Court maintains venue and jurisdiction over Mrs. McLain's claims brought herein, pursuant to 28 U.S.C. Section 1391. Material events and occurrences underlying Mrs. McLain's claims occurred in Cape Girardeau County, Missouri.

5.     Mrs. McLain is a resident of the state of Missouri and was at all times relevant an employee of Defendant St. Francis Medical Center (hereinafter "St. Francis").

6.     Defendant St. Francis is an employer within the meaning of § 701 *et seq.*, as amended 42 U.S.C.A. § 2000e *et seq.*

7.     On or about March 20, 2019, Mrs. McLain filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") alleging age discrimination and retaliation.

8.     On September 10, 2020, the EEOC issued Mrs. McLain a Notice of Right to Sue, authorizing her to file a civil action against St. Francis.

9.     Mrs. McLain has filed this petition in a timely manner.

10.     Mrs. McLain engaged in activity protected by the federal laws and is a member of a category of persons protected from age discrimination and retaliation under the laws of the United States, specifically the § 701 *et seq.*, as amended 42 U.S.C.A. § 2000e *et seq.*

11.     Mrs. McLain worked for St. Francis for several years as an administrative assistant and later, as a coordinator of volunteers until St. Francis fired her on October 12, 2018, just thirty-two days after her 61st birthday.

2

12.     When she was hired, Mrs. McLain's wage was approximately $15.30 per hour.

13.     Mrs. McLain had a good employment record and received regular pay raises and positive work evaluations.

14.     Part of Mrs. McLain's job at St. Francis involved her communicating with and organizing volunteers, who are, on average usually well over the age of 50 years old.

15.     In May 2018, a few months before St. Francis terminated her, St. Francis awarded Mrs. McLain the prestigious Outstanding Performance Award.

16.     When St. Francis first hired Mrs. McLain, she worked as an administrative assistant in the St. Francis Foundation Department.

17.     From September 2017 through October 2018, Mrs. McLain worked as the Volunteer Services Coordinator.

18.     In 2017 and on through the time the employer terminated her employment, Mrs. McLain worked with Ashely Gentry as a supervisor.

19.     Ms. Gentry was several decades younger than Mrs. McLain and Ms. Gentry had problems working with Mrs. McLain because of her age.

20.     Ms. Gentry refused to return Mrs. McLain's phone calls and generally was hostile and rude to Mrs. McLain during her time at St. Francis.

21.     Mrs. McLain complained about Ms. Gentry (and other co-workers') hostile treatment of Mrs. McLain based upon her age to her supervisor, Jimmy Wilferth.

22.     Mr. Wilferth dismissed her concerns and complaints and told her to just "be nice" to Ms. Gentry and the other hostile co-workers.

3

23.    In October 2018, St. Francis, by way of Mr. Wilferth, terminated Mrs. McLain's employment and in the process of doing so, asked her about her age and stated that Mrs. McLain was "close enough [to retirement age] that [she] will be fine [financially.]"

24.    St. Francis subjected Mrs. McLain to heightened scrutiny and criticism because of her age.

25.    St. Francis treated Mrs. McLain differently than similarly situated younger employees.

26.    St. Francis failed to conduct an adequate investigation into Mrs. McLain's complaints about age discrimination.

27.    St. Francis failed to take adequate steps to protect Mrs. McLain from further unlawful conduct.

28.    St. Francis retaliated against Mrs. McLain by firing her.

29.    Defendant St. Francis discriminated against Mrs. McLain based on her age in violation of § 701 *et seq.*, as amended 42 U.S.C.A. § 2000e *et seq.* by engaging in one of more of the following actions:

   (a)   treating Mrs. McLain differently because of her age;

   (b)   allowing a co-worker to bully and verbally abuse her in the workplace;

   (c)   giving younger employees more favorable treatment from supervisors for the same or substantially same conduct as Mrs. McLain;

   (d)   dismissing her concerns and complaints about the co-worker who was bullying and harassing her;

   (e)   failing to conduct an investigation into Mrs. McLain's complaints about

4

harassment, hostile work environment, and discrimination;

(f)   terminating Mrs. McLain's employment;

(t)   engaging in other unlawful conduct currently unknown to Mrs. McLain.

30.   Defendant retaliated against Mrs. McLain in violation of § 701 *et seq.*, as amended 42 U.S.C.A. § 2000e *et seq.*, by terminating Mrs. McLain's employment and engaging in other conduct not currently known to Mrs. McLain.

31.   Mrs. McLain's opposition to Defendants' unlawful conduct was a factor in Defendants' decisions to engage in the retaliatory conduct described above.

32.   As a result of Defendant's conduct and actions, Mrs. McLain was subjected to less favorable terms and conditions of employment than other employees who did not oppose Defendant's unlawful conduct.

33.   As a result of Defendant's conduct and actions, Mrs. McLain suffered emotional distress and mental anguish.

34.   As a result of Defendant's conduct and actions, Mrs. McLain has incurred attorney fees and costs of litigation, and will continue to incur such fees and costs.

35.   Defendant's conduct was outrageous because of evil motive or reckless indifference to Mrs. McLain's rights not to be subjected to retaliation, and Defendant St. Francis' outrageous conduct warrants an award of punitive damages to deter the employer and others from engaging in such future conduct.

WHEREFORE, Donna McLain, prays that this Court, after trial by jury to:

(a)   find in favor of Plaintiff and against Defendant St. Francis Medical Center;

(b)   enter judgment in favor of Plaintiff and against each Defendant in an

amount in excess of $25,000.00 for Plaintiff's emotional distress;

(c)   enter judgment in favor of Plaintiff and against Defendant in an amount in excess of $25,000.00 for Plaintiff's lost wages and benefits of employment;

(d)   enter judgment in favor of Plaintiff and against Defendant in an amount in excess of $25,000.00 for punitive damages;

(e)   award Plaintiff pre-judgment interest on all damages;

(f)   award Plaintiff costs of litigation and attorney fees;

(g)   enter an Order enjoining Defendant from engaging in retaliation;

(h)   enter Orders for any and all relief the Court deems just and proper.

Respectfully submitted,

THE CLUBB LAW FIRM, LLC

*/s/John P. Clubb*

JOHN P. CLUBB
Mo. Bar No. 51787

*/s/Laura Clubb*

LAURA CLUBB
Mo. Bar No. 47704

718 Caruthers
Cape Girardeau, MO 63701
Tel. (573) 651-1900
Fax (573) 651-1902
Attorneys for Plaintiff